IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02546-BNB

GREGORY STEWART HUBLER,

    Plaintiff,

v.

ARI W. ZAVARAS, Executive Director of C.D.O.C.,
RUSTY LANDER, SOTMP Coordinator, and
ANTHONY DECESARO, Step 3 Grievance Officer,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 6 2009

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Gregory Stewart Hubler, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Huerfano County Correctional Center at Walsenburg, Colorado. Mr. Hubler initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On January 14, 2009, Mr. Hubler filed an Amended Prisoner Complaint pursuant to § 1983.

The court must construe the amended complaint liberally because Mr. Hubler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hubler will be ordered to file a second amended complaint if he wishes to pursue all of his claims in this action.

The court has reviewed Mr. Hubler's amended complaint and finds that it is deficient because Mr. Hubler fails to allege facts that demonstrate each of the named Defendants personally participated in the asserted constitutional violations. Mr. Hubler asserts three claims that his constitutional rights have been violated because prison officials have failed to properly characterize his criminal conviction, changed his sex offender classification without due process, and retaliated against him for filing a habeas corpus action challenging the validity of his criminal conviction. Mr. Hubler contends that Defendant Rusty Lander changed his sex offender classification without due process. It is not clear who improperly characterized Mr. Hubler's criminal conviction or who retaliated against him. Mr. Hubler is suing Defendant Ari W. Zavaras, the executive director of the DOC, because Defendant Zavaras is responsible for ensuring that DOC inmates are afforded basic rights. Mr. Hubler is suing Defendant Anthony Decesaro, the DOC Step III grievance officer, because he failed to address all of the claims Mr. Hubler raised in an administrative grievance.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hubler must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469,

479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Furthermore, simply denying an inmate's grievance does not demonstrate personal participation in the underlying action that gave rise to the grievance. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007).

Mr. Hubler fails to demonstrate that Defendants Zavaras and Decesaro personally participated in the asserted constitutional violations. Therefore, if Mr. Hubler wishes to pursue any claims against Defendants Zavaras and Decesaro, he must file a second amended complaint that includes factual allegations demonstrating those Defendants personally participated in the asserted constitutional violations. Mr. Hubler is advised that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Hubler file **within thirty (30) days from the date of this order** an original and sufficient copies of a second amended complaint that complies with this order if he wishes to pursue any claims against Defendants Ari W. Zavaras and Anthony Decesaro. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hubler, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Hubler fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's

3

satisfaction within the time allowed, the claims against Defendants Ari W. Zavaras and Anthony Decesaro will be dismissed without further notice.

DATED January 16, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02546-BNB

Gregory Stewart Hubler
Prisoner No. 61108
HCCC Echo 5118
304 Ray Sandoval Street
Walsenburg, Co 81089

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 1/16/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk