IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02546-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

GREGORY STEWART HUBLER,

Plaintiff,

v.

ARI W. ZAVARAS, Executive Director of C.D.O.C.,
RUSTY LANDER, SOTMP Coordinator, and
ANTHONY DECESARO, Step 3 Grievance Officer,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Gregory Stewart Hubler is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Huerfano County Correctional Center at Walsenburg, Colorado. Mr. Hubler initiated this action by filing ***pro se*** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On January 14, 2009, Mr. Hubler filed an amended Prisoner Complaint. On January 16, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Hubler to file a second amended complaint within thirty days if he wishes to pursue his claims against Defendants Ari W. Zavaras and Anthony DeCesaro in this action. Mr. Hubler has not filed a second amended complaint within the time allowed.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Hubler is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required

to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. ***See Neitzke v. Williams***, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Hubler is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not be an advocate for a ***pro se*** litigant. ***See id.***

Mr. Hubler asserts three claims for relief in the amended Prisoner Complaint. He specifically claims that his constitutional rights have been violated because prison officials improperly have characterized his criminal conviction, changed his sex offender classification without due process, and retaliated against him for filing a habeas corpus action challenging the validity of his criminal conviction. Mr. Hubler alleges in support of his second claim for relief that Defendant Rusty Lander changed his sex offender classification without due process. With respect to his first and third claims for relief, Mr. Hubler does not allege specifically who mischaracterized his criminal conviction or

who retaliated against him. Mr. Hubler contends that he is suing Defendant Zavaras, the executive director of the DOC, because Defendant Zavaras is responsible for ensuring that DOC inmates are afforded basic rights. Mr. Hubler contends that he is suing Defendant Decesaro, the DOC Step III grievance officer, because Defendant DeCesaro failed to address all of the claims Mr. Hubler raised in an administrative grievance.

The Court agrees with Magistrate Judge Boland that Mr. Hubler's allegations fail to demonstrate that either Defendant Zavaras or Defendant DeCesaro personally participated in the asserted constitutional violations. As Magistrate Judge Boland explained to Mr. Hubler, personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hubler must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Hubler may not sue Defendant Zavaras simply because, as the executive director of the DOC, Defendant Zavaras is responsible for ensuring that DOC inmates are afforded basic rights. Furthermore, the fact that Defendant DeCesaro failed to address all of the claims Mr. Hubler raised in an administrative grievance does not

demonstrate personal participation in the underlying action that gave rise to the grievance. ***See Larson v. Meek***, 240 F. App'x 777, 780 (10th Cir. 2007). Therefore, the Court finds that Mr. Hubler fails to allege personal participation by Defendants Zavaras and DeCesaro and those Defendants will be dismissed as parties to this action. The claims against Defendants Zavaras and DeCesaro are legally frivolous because Mr. Hubler fails to allege facts to support an arguable claim against either of those Defendants. Furthermore, because Mr. Hubler's first and third claims in the amended complaint are not asserted against Defendant Lander, the only remaining Defendant in this action, those claims also will be dismissed as legally frivolous.

The Court will not address at this time the merits of Mr. Hubler's due process claim against Defendant Lander. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the first and third claims in the amended complaint are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous and Defendants Ari W. Zavaras and Anthony DeCesaro are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02546-BNB

Gregory Stewart Hubler
Prisoner No. 61108
HCCC - Echo 5118
304 Ray Sandoval Street
Walsenburg, Co 81089

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk