IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-02546-PAB-BNB

GREGORY STEWART HUBLER,

   Plaintiff,

v.

RUSTY LANDER,

   Defendant.

**ORDER**

This matter is before the Court on plaintiff's Objection to Order to Dismiss and Motion to Amend Order Re-instating the Two Dismissed Claims ("Pl.'s Objection") [Docket No. 23]. The Court construes the plaintiff's filing liberally in light of his status as a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

On March 4, 2009, the Court dismissed plaintiff's first and third claims for relief and two of the original three defendants from the action [Docket No. 20, filed 3/5/09]. Plaintiff does not object to the dismissal of the two defendants, but does object to the Court's conclusion that he failed to allege any affirmative conduct by defendant Lander in respect to counts one and three of his complaint. *See.* Pl.'s Objection.

The Court construes plaintiff's filing as a motion to reconsider an interlocutory order. Where a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and

amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. The Tenth Circuit at times has applied the law of the case doctrine to interlocutory orders. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). However, the Tenth Circuit also has suggested that the law of the case doctrine has limited application to a court's reconsideration of its own orders prior to entry of judgment in a case. *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this District have imposed limits on their broad discretion to revisit interlocutory orders. Although not necessarily required to do so, these judges circumscribe that discretion by incorporating one of the analyses discussed above. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, plaintiff has not identified any basis for the Court to alter that order.

Plaintiff merely contends that both claims include allegations that defendant Lander personally participated in the alleged misconduct. They do not, as noted in the

Court's order of dismissal [Docket No. 20].  Only count two, which is still pending in this matter, includes specific allegations regarding defendant Lander's conduct.

Moreover, plaintiff was granted the opportunity to amend his complaint within 30 days of January 16, 2009 ("January 16 Order") [Docket No. 16].  Despite the fact that the January 16 Order focused on plaintiff's failure to plead a connection between the two dismissed defendants and the claimed misconduct, plaintiff had notice that the "'complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" January 16 Order [Docket No. 16] at 3 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).  Plaintiff did not take the opportunity to amend his complaint.

And, in raising his objections to the dismissal of counts one and two, he provides no argument justifying allowance being granted now.  Allowing the plaintiff to amend his complaint in order to incorporate the sparse assertions of personal participation by defendant Lander and the allegedly unconstitutional conduct described in counts one and three would be futile.  The allegations "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  As such, an amended complaint would merely allege, but fail to show, that plaintiff is entitled to relief.  *Id*. at 1950.

Accordingly, it is

**ORDERED** that plaintiff's objection to the order dismissing counts one and three of his complaint [Docket No. 23] is DENIED.

DATED March 9, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge