IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-02546-PAB-BNB

GREGORY STEWART HUBLER,

    Plaintiff,

v.

RUSTY LANDER,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 54], which recommends that the Court grant defendant's Motion to Dismiss [Docket No. 38] and deny plaintiff's Motion to Submit Supplemental Pleading and Additional Request for Relief in the Form of a Preliminary Injunction [Docket No. 47]. On November 20, 2009, plaintiff filed timely objections [Docket No. 55] to the Recommendation.[1]

    The Court has conducted a *de novo* review of the record and has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff contends that failure to provide some form of process prior to having his sex-offender sub-classification code changed

---

    [1]On January 11, 2010, plaintiff filed an "Addendum" to his objections without leave of Court. [Docket No. 57].

violated his due process rights under the Fourteenth Amendment, citing *Beebe v. Heil*, 333 F. Supp. 2d 1011, 1016-17 (D. Colo. 2004). His argument is unavailing.

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000). The court in *Beebe* concluded that an inmate sentenced to an indefinite term in prison pursuant to section 18-1.3-1004 of the Colorado Sex Offender Lifetime Supervision Act ("CSOLSA") who would become ineligible for release from prison absent participation in a Sex Offender Treatment and Monitoring Program ("SOTP") had a cognizable liberty interest in such treatment. *See Beebe*, 333 F. Supp. 2d at 1017. Pursuant to the CSOLSA, "a sex offender is required to undergo treatment and . . . the Colorado Department of Corrections lacks discretion to withhold treatment." *Id.* Under those circumstances, withholding treatment worked a "'major change in the condition of [Plaintiff's] confinement,' since his status would change from 'eligible to be considered for parole' to ineligible to be considered for parole.'" *Id.* (citation omitted). Plaintiff is not serving an indefinite sentence; rather, he has been sentenced to fourteen years in prison. *See* Att. 12 to Am. Compl. [Docket No. 14]. Consequently, his release from prison is not contingent upon treatment in the SOTP, as was the case in *Beebe.*

As carefully explained in the Recommendation, an inmate does not have a due process right in his sex-offender sub-classification. As a result, the change in his sub-classification from R to D fails to support a due process violation.

violated his due process rights under the Fourteenth Amendment, citing *Beebe v. Heil*, 333 F. Supp. 2d 1011, 1016-17 (D. Colo. 2004). His argument is unavailing.

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000). The court in *Beebe* concluded that an inmate sentenced to an indefinite term in prison pursuant to section 18-1.3-1004 of the Colorado Sex Offender Lifetime Supervision Act ("CSOLSA") who would become ineligible for release from prison absent participation in a Sex Offender Treatment and Monitoring Program ("SOTP") had a cognizable liberty interest in such treatment. *See Beebe*, 333 F. Supp. 2d at 1017. Pursuant to the CSOLSA, "a sex offender is required to undergo treatment and . . . the Colorado Department of Corrections lacks discretion to withhold treatment." *Id.* Under those circumstances, withholding treatment worked a "'major change in the condition of [Plaintiff's] confinement,' since his status would change from 'eligible to be considered for parole' to ineligible to be considered for parole.'" *Id.* (citation omitted). Plaintiff is not serving an indefinite sentence; rather, he has been sentenced to fourteen years in prison. *See* Att. 12 to Am. Compl. [Docket No. 14]. Consequently, his release from prison is not contingent upon treatment in the SOTP, as was the case in *Beebe.*

As carefully explained in the Recommendation, an inmate does not have a due process right in his sex-offender sub-classification. As a result, the change in his sub-classification from R to D fails to support a due process violation.

Plaintiff also seeks appointment of counsel [Docket No. 26].  Plaintiff objects [Docket Nos. 30, 32] to the magistrate judge's denial of that request [Docket No. 29]. The Court finds no error with the magistrate judge's application of the relevant factors to plaintiff's request.  See *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 54] is ACCEPTED and the Court adopts the reasoning therein.  It is further

**ORDERED** that the objections [Docket No. 55] of plaintiff Gregory Stewart Hubler to the Recommendation of United States Magistrate Judge are OVERRULED.  It is further

**ORDERED** that defendant's motion to dismiss [Docket No. 38] is GRANTED.  It is further

**ORDERED** that plaintiff's Motion to Submit Supplemental Pleading and Additional Request for Relief in the Form of a Preliminary Injunction [Docket No. 47] is DENIED.  It is further

**ORDERED** that plaintiff's objection to the magistrate judge's denial of appointment of counsel [Docket No. 30] is OVERRULED.  It is further

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 59] is DENIED.  Further, it is

**ORDERED** that judgment shall enter in favor of defendant and against plaintiff.


DATED March 10, 2010.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge